UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK H. STEPHAN,

       Petitioner,                                          Case Number 20-11459

v.                                                      Honorable David M. Lawson

NOAH NAGY,

       Respondent.
_____/

**<u>OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION TO STAY PROCEEDINGS
AND HOLD PETITION IN ABEYANCE</u>**

On May 18, 2020, petitioner Mark H. Stephan, presently confined at the Cotton Correctional Facility in Jackson, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Western District of Michigan. His petition was transferred to this Court on June 5, 2020. On January 26, 2021, the petitioner filed a motion to stay the proceedings and hold the petition in abeyance, so that he may return to state court to exhaust additional claims. The Court denied that motion on February 11, 2021, because the petitioner did not identify any issues that he wanted to present to the state courts before seeking federal review of his conviction. He filed a response to that order on February 23, 2021, which the Court will treat as a motion for reconsideration, because the petitioner has attempted to fix the deficiency in his earlier motion.

Petitioner Stephan was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316, following a jury trial in the Wayne County, Michigan circuit court and sentenced to life in prison without the possibility of parole.

Stephan appealed his conviction, arguing six issues: (1) there was insufficient evidence of premeditation and deliberation; (2) the 20-year delay from the date of the incident to the date of prosecution deprived him of his right to due process due to lacking witness testimony; (3) the

prosecution erred by arguing that the defendant should not be given a break for its twenty-year delay in bringing charges; (4) the trial court erred by refusing to instruct the jury on the lesser included offense of manslaughter; (5) the trial court erred by ruling that if the defense presented character witnesses who would testify as to the defendant's peacefulness, they could be questioned about his truthfulness, even though defense counsel avoided that line of testimony; and (6) the state's expert improperly demanded financial remuneration from opposing counsel to speak to them.

Those arguments were rejected; the court of appeals affirmed the conviction and sentence on February 5, 2004. *People v. Stephan*, No. 241051, 2004 WL 225057 (Mich. Ct. App. Feb. 5, 2004). The Michigan Supreme Court denied leave to appeal on September 28, 2004, *People v. Stephan*, 471 Mich. 886, 688 N.W. 2d 506 (2004), and denied the petitioner's motion for reconsideration on February 28, 2005, *People v. Stephan*, 472 Mich. 870, 688 N.W. 2d 845 (2005). Stephan's petition for a writ of certiorari to the United Stated Supreme Court also was denied. *Stephan v. Michigan*, 546 U.S. 849 (2005).

About twelve years later, on November 22, 2017, Stephan returned to the trial court and filed a motion for relief from judgment, raising two claims: (1) the trial court violated his right to present a defense when it denied counsel's request for additional time to secure expert testimony; and (2) appellate counsel provided ineffective assistance by failing to raise this issue on appeal. The trial court denied the motion for relief from judgment on the merits and under Michigan Court Rule 6.508(D)(3), which precludes relief where a defendant alleges a ground for relief that could have been raised on appeal. The state appellate courts denied leave to appeal Rule 6.508(D). *People v. Stephan*, 503 Mich. 1019, 925 N.W.2d 836 (2019).

Stephan filed a habeas corpus petition in this Court raising the issues presented in his post-conviction motion. He now asks the Court to stay the proceedings and hold the petition in abeyance so that he can return to state court to exhaust additional ineffective-assistance-of-counsel claims.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, district courts may "retain jurisdiction over a

meritorious claim and stay proceedings pending the complete exhaustion of state remedies." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014) ( "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [This is because "i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.") (citing *Rhines*, 544 U.S. at 278).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file another motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and thereafter he may file a petition for writ of *certiorari* to the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise the unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518

U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on April 30, 2019. That decision became final on July 29, 2019, when the time for the petitioner to file a petition for a writ of *certiorari* to the United States Supreme Court expired. The one-year limitations period commenced on the following day, July 30, 2019. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The Western District of Michigan received and docketed the petition on May 18, 2020. However, the petitioner dated and mailed the petition on April 14, 2020. Thus, Stephan filed his petition about two months before the limitations period ran out and filed his motion to stay after the limitations period expired. *Keeling v. Warden*, 673 F.3d 452, 456 (6th Cir. 2012) (holding that a *pro se* prisoner's appeal is deemed filed at the time the prisoner delivered it to prison officials for filing). If the Court were to dismiss the petition without prejudice, then any subsequently filed petition would be untimely by the time the state court proceedings on the new claims were concluded and the petitioner returned to this Court to pursue them.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. All of the claims raised in the original petition have been exhausted, but the new claims that the petitioner describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and he may argue that he did not previously raise these claims

in the state courts due to the ineffective assistance of trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts within 28 days after the entry of this order, and he must ask this Court to lift the stay within 28 days after exhausting his state court remedies.

### III.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration of the Court's order denying his motion to stay the proceedings (ECF No. 14) is **GRANTED**.

It is further **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 12) is **GRANTED**. The proceedings on the petition for a writ of habeas corpus are **STAYED** until further order of the Court.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to his unexhausted claims, by properly submitting appropriate filings to the state court **on or before April 2, 2021**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within twenty-eight (28) days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States

District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: March 5, 2021